NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4058
_____

STEPHEN R. JACKSON,

Appellant

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION

_____

On Appeal from the United States District Court
For the District of Delaware
(D.C. Civil Action No. 1-09-cv-00289)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
June 23, 2011
_____

Before:  BARRY, AMBRO, and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 24, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

Stephen Jackson appeals from the District Court's decision affirming the

Commissioner of Social Security's denial of his claim for disability insurance benefits

under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. He claims that the Administrative Law Judge ("ALJ") failed to consider adequately his treating physicians' opinions and disregarded key opinion evidence offered by his consulting physicians. Because the District Court, per Judge Robinson, dealt thoroughly with these claims, we have nothing to add to the Court's analysis with regard to them.

Jackson also argues that Judge Robinson failed to address the reports from his post-hearing consultative examinations, ordered but allegedly disregarded by the ALJ. He argues that those reports were "not inconsistent" with his treating physician's testimony that he was legally blind on the date he was last insured. Although Jackson is correct that the reports were not contrary to his own physician's testimony, they stopped short of concluding that he was legally blind. Rather, they concluded that, on the relevant date, Jackson had minimal vision that was unlikely to improve. App. 132-37. The reports were thus in line with the medical evidence credited by the ALJ that, although Jackson's vision was impaired on the relevant date, he had not established that his impairments matched those on a list that are presumed severe enough to preclude any gainful work. *See* 20 C.F.R. § 404.1520(a)(4)(iii).

\*   \*   \*   \*   \*

Because the District Court did not err in determining that the ALJ's decision was supported by substantial evidence, we affirm.

2